UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALENA GOINS, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED PARCEL SERVICE INC, et al.,<br><br>    Defendants. | Case No. 21-cv-08722-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Defendants' motion to dismiss the first amended complaint ("FAC") came on for hearing before this court on December 8, 2022. Plaintiffs appeared through their counsel, Tiega-Noel Varlack. Defendants appeared through their counsel, Elizabeth A. Brown. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to dismiss, for the reasons stated at the hearing.

As discussed at the hearing, the FAC lacks clarity and is rife with conclusory statements while failing to provide even a formulaic recitation of the facts comprising the elements of each claim. It is impossible to determine if the claims have been sufficiently exhausted because it is not clear what each plaintiff and each defendant actually did and what specific policies are being challenged. For the same reason, it is impossible to determine if viable claims are properly pleaded and whether the class allegations can survive. Even though defendants seek a dismissal with prejudice, the court GRANTS leave to amend the first six causes of action ("charges" 1–6), including for violation of Title VII; violation of the California Fair Employment and Housing Act ("FEHA"); violation

of the Equal Pay Act ("EPA"); violation of the California Equal Pay Act ("CEPA"); and unfair competition under California Business and Professions Code § 17200 ("UCL"). See Dkt. 26. The court provides below the legal standards for each of the remaining claims to clarify the necessary elements that must be factually pleaded to state a viable claim.

"Disparate treatment occurs 'where an employer has treated a particular person less favorably than others because of a protected trait.'" Wood v. City of San Diego, 678 F.3d 1075, 1081 (9th Cir. 2012) (quoting Ricci v. DeStefano, 557 U.S. 557, 577 (2009)). To state a prima facie case of disparate treatment, a plaintiff must show that "(1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008). "A disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job-related action." Wood, 678 F.3d at 1081 (quotation marks omitted).

On the other hand, to state a claim for disparate impact discrimination under Title VII, a plaintiff must allege (1) a significant disparity with respect to employment for the protected group, (2) the existence of a specific employment practice or set of practices, and (3) a causal relationship between the identified practice and the disparity. Liu v. Uber Techs. Inc., 551 F. Supp. 3d 988, 990 (N.D. Cal. 2021) (citing Freyd v. University of Oregon, 990 F.3d 1211, 1224 (9th Cir. 2021)).[1] Plaintiffs' counsel explained at the hearing that the first two causes of action are intended to include both disparate impact and treatment. That is not apparent from a plain reading of the FAC. Given the distinctions between the elements for disparate treatment and disparate impact, the two theories should be pleaded separately to improve clarity.

---

[1] It is important to note that at the pleading stage, it is not necessary to establish a prima facie case of discrimination under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).

The elements of a prima facie case for discrimination under FEHA are closely related to the Title VII prima facie requirements. Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 354 (2000) ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes.").

"To make out a case under the Equal Pay Act, a plaintiff must prove that an employer is paying different wages to employees of the opposite sex for equal work. The jobs held by employees of opposite sexes need not be identical, but they must be 'substantially equal.'" Hein v. Oregon Coll. of Educ., 718 F.2d 910, 913 (9th Cir. 1983) (citation omitted). The plaintiff must present a comparison of "the jobs in question," not "the individuals who hold the jobs." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1074 (9th Cir. 1999). The California Equal Pay Act is nearly identical to the federal statute and subject to the same analysis. Green v. Par Pools Inc., 111 Cal.App.4th 620, 623 (2003) (citing Cal. Lab. Code § 1197.5). The FAC fails to provide any details about either the work performed by plaintiffs or by similarly situated comparators, making evaluation of these causes of action impossible.

To state a claim under California Business and Professions Code § 17200, a plaintiff must allege that the defendant engaged in an "unlawful, unfair, or fraudulent business act." Cal. Bus. & Prof. Code § 17200. As the California Supreme Court has explained, "section 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable" under the UCL. Saunders v. Superior Court, 27 Cal.App.4th 832, 839 (1994) (quoting Farmers Ins. Exchange v. Superior Court, 2 Cal.4th 377, 383 (1992)); see also Friedman v. AARP, Inc., 855 F.3d 1047, 1052 (9th Cir. 2017). Accordingly, this cause of action is dependent on the viability of the others.

As stated at the hearing, plaintiffs' cause of action for civil RICO is DISMISSED WITH PREJUDICE. Based on the pleadings and argument at the hearing, the court finds that any attempt at amendment would be futile. Defendant Ricardo Moreno is also DISMISSED WITH PREJUDICE for the reasons stated at the hearing. And as

1  acknowledged by plaintiffs' counsel, plaintiffs' allegations under the Lilly Ledbetter Fair
2  Pay Act should not be enumerated as a separate cause of action in any amended
3  pleading, as they were asserted solely with the intent of extending the statute of
4  limitations for the EPA claims.  Accordingly, that cause of action is also DISMISSED.

      Finally, and as also discussed at the hearing, plaintiffs shall file their second amended complaint on or before January 23, 2023.  Defendant's responsive pleading shall be filed on or before February 24, 2023.  No new claims or parties may be added to the amended pleading without leave of court or consent of the remaining defendant.  By separate order the parties have been ordered to address an ambiguity noted by the court after the hearing on this motion.[2]  See Dkt. 34.

**IT IS SO ORDERED.**

Dated: December 13, 2022

                                          */s/ Phyllis J. Hamilton*
                                          PHYLLIS J. HAMILTON
                                          United States District Judge

---

[2] At the September 15, 2022, Case Management Conference, the parties suggested that a stipulation for plaintiffs to amend the complaint might be possible.  The court advised that if no stipulation was entered, plaintiffs must move to amend to add parties or allegations.  Neither a stipulation nor a motion was filed, yet the FAC filed on October 15, 2022, contains both new parties and new allegations.