UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALENA GOINS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED PARCEL SERVICE INC, et al.,<br><br>    Defendants. | Case No. 21-cv-08722-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY SCHEDULING ORDER**<br><br>Re: Dkt. No. 61, 62, 64 |

    Plaintiffs' counsel has filed a motion to modify the scheduling order to extend time to complete fact discovery.  See Dkt. 61.  Plaintiffs' motion argues that plaintiffs have diligently sought discovery, but that certain discovery disputes have prevented the parties from completing discovery by the March 29, 2024 deadline that was set in June 2023 based upon the jointly-proposed schedule submitted by counsel.  See Dkt. 51.  Plaintiffs' motion does not include details about their diligence, for instance, the dates on which discovery was propounded or depositions noticed.  Attached to plaintiffs' motion is three half-complete discovery letter briefs, with plaintiffs' portion of the letter filled in, but defendant's left blank.  See Dkt. 61, Ex. A-C.

    Plaintiffs also filed an administrative motion to shorten time on the aforementioned motion to modify the scheduling order.  See Dkt. 62.  The administrative motion does not propose an expedited briefing or hearing date.

    Defendant filed an opposition to the administrative motion, arguing that plaintiffs' counsel failed to conduct timely discovery, and attaching a declaration with exhibits supporting their argument that plaintiffs' counsel demonstrated a lack of diligence in

seeking discovery.  See Dkt. 63.

On the same day that defendant filed its opposition, the parties also filed completed versions of the three discovery letter briefs previously filed by plaintiff.  See Dkt. 64.

Having reviewed the arguments made in the parties' papers, the court will first resolve the discovery disputes, and then will address the impact of those rulings on the case schedule.

The parties' first discovery dispute arises out of the deposition of a UPS supervisor, Quiyna Evans.  At the deposition, plaintiffs' counsel took the position that, because Ms. Evans did not hire UPS's counsel to be her own personal counsel, therefore there is no attorney-client privilege.  See Dkt. 64.  The law cited by plaintiffs' counsel is more suited to 'involuntary representation' situations where a lawyer interferes with a person who is either already represented by another lawyer, or who is unrepresented.  See id. at 2.  Defendant correctly points out that the law cited by plaintiffs' counsel is inapplicable, and that attorney-client privilege commonly extends to employees of a corporate client.  See id. at 4.  Moreover, Ms. Evans is permitted to assert attorney-client privilege, and plaintiffs' counsel does not identify any specific question that Ms. Evans refused to answer.  Additionally, because the record indicates that plaintiffs' counsel was planning to complete the deposition by 4:30pm – only ten minutes after she did in fact end the deposition – it would be unfair to require Ms. Evans to return to answer unspecified questions.  Accordingly, the relief requested in the first discovery letter brief (Dkt. 64) is DENIED.

The parties' second discovery dispute arises out of plaintiffs' Rule 30(b)(6) deposition notice.  See Dkt. 64-1.  Plaintiffs' list of topics includes many entries that simply list "facts, witnesses, and documents" and then list out the asserted affirmative defenses.  See id. at 1-2. Defendant cites case law pointing out that topics such as this inherently overlap with legal work-product and analysis, and argues that plaintiffs' counsel had many alternatives to seek the same formation, such as written discovery, or

re-stating the 30(b)(6) topics to seek factual information rather than legal contentions. See id. at 4.

The court agrees that the topics set forth in the discovery letter brief are inappropriate for deposition, and agrees that plaintiffs' counsel demonstrated a lack of diligence in providing the list of topics to defendant and in conferring with defendant about the listed topics. However, it is unclear why plaintiffs' counsel refused to examine the witness on the topics to which defendant did not object. Accordingly, the relief sought in the parties' second discovery letter brief (Dkt. 64-1) is GRANTED in part and DENIED in part, and the parties shall have until **April 17, 2024** to complete plaintiffs' Rule 30(b)(6) deposition on the topics to which defendant has not objected.

Finally, the parties' third discovery dispute arises out of the deposition of Ricardo Moreno, a UPS supervisor who was previously a defendant in this case. See Dkt. 64-2. The deposition was conducted via videoconference, and an unknown user appeared on the user list, so defendant's counsel asked that the user be identified. See id. at 2. Plaintiffs' counsel first stated that it was someone from plaintiffs' counsel's staff, but then admitted that it was the plaintiffs themselves viewing the deposition with their camera off. See id. at 2-3. Defendant's counsel then asked plaintiffs' counsel to confirm that the plaintiffs were not recording the deposition (separate from the official recording made by counsel), and plaintiffs' counsel refused to so confirm. See id. at 3.

A separate recording of a deposition, made by a party, is not contemplated by the Federal Rules or by this district's Local Rules, but the consent of the party being recorded should be a common courtesy. Given that the deposition was already being recorded by counsel, it is unclear why plaintiffs' counsel refused to confirm that no additional recordings were being made. And as with Ms. Evans, it would be unfair to require Mr. Moreno to be called back for deposition. Accordingly, the relief requested by plaintiffs in the third discovery letter brief (Dkt. 64-2) is DENIED.

Given the resolution of the discovery disputes, plaintiffs' administrative motion to shorten time is DENIED as moot, and plaintiffs' initial motion to modify the scheduling

1  order is GRANTED in part and DENIED in part as set forth by this order.  Specifically,
2  discovery shall be extended for the limited purpose of allowing plaintiffs to conduct the
3  Rule 30(b)(6) deposition of defendant's designated witness by April 17, 2024.  Plaintiffs'
4  motion to extend the period to complete discovery is DENIED in all other respects.  The
5  hearing set for May 2, 2024 is VACATED.

**IT IS SO ORDERED.**

Dated:  April 2, 2024

                                                       /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge