UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALENA GOINS, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED PARCEL SERVICE INC,<br><br>      Defendant. | Case No.  21-cv-08722-PJH<br><br>**ORDER RE MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 82 |

Before the court is defendant United Parcel Service, Inc.'s ("UPS") motion for attorneys' fees.  Dkt. 82.  The matter is fully briefed and suitable for decision without oral argument.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Plaintiffs were three female employees of UPS located in Oakland who asserted claims for gender and age discrimination.  Plaintiffs work in UPS's Oakland Hub, where employees unload, sort, and load packages of various sizes into and out of vehicles.

This case was initiated by complaint in this court in November 2021.  Dkt. 1. Following a stay requested by the parties and before defendant filed a responsive pleading, plaintiffs filed their first amended complaint ("FAC").  Dkt. 26.  Defendant moved to dismiss the FAC.  Dkt. 27.  The court held a thorough hearing before granting the motion, discussing the deficiencies in the FAC and clarifying the necessary elements

plaintiffs must include in a subsequent pleading to survive a motion to dismiss.  See Dkts. 33, 35, 40 (hearing transcript).  Plaintiffs timely filed their second amended complaint ("SAC").  Dkt. 38.  Defendant filed a motion to dismiss that second amended complaint.  Dkt. 41.

On April 20, 2023, the court issued an order on defendant's motion to dismiss the SAC, narrowing the case.  Dkt. 47.  First, the order struck all class allegations and certain named plaintiffs, leaving only three named plaintiffs in the action, Galena Goins, Sonia Lopez, and Terry Jones-Jackson.  Second, it ruled that a number of allegations were not administratively exhausted and therefore could not be the basis for any claim in this action.  The court explicated in great detail for the benefit of the parties what claims remained viable in this action and what claims were impermissible—and therefore excised from the action—because they were not administratively exhausted.

UPS subsequently filed a motion for summary judgment on the remaining claims.  Dkt. 66.  Plaintiffs opposed UPS's motion and moved to delay summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  Dkt. 68.  Plaintiffs' opposition to that motion continued to litigate and heavily rely on claims that this court had previously determined were unexhausted.  Furthermore, plaintiffs' briefing failed to cite meaningfully to the record to support their exhausted claims, and plaintiffs failed to address and therefore abandoned numerous arguments.  The court granted UPS's motion for summary judgment in full and entered judgment in favor of defendant.  Dkts. 79, 80.

UPS then filed a motion for attorneys' fees, seeking $347,052.50.  Dkt. 82.  Plaintiffs opposed the motion.  Because plaintiffs had appealed the court's entry of summary judgment as well as the court's denial of plaintiffs' Rule 56(d) request, the court stayed the attorneys' fee motion until after the Ninth Circuit had ruled on plaintiffs' appeal.  Dkt. 94.  The Ninth Circuit issued a decision on January 12, 2026, affirming this court's decision on all grounds.  Dkt. 95.

After the Ninth Circuit's mandate, this court lifted the stay and directed the parties to submit a joint statement advising (1) whether they can settle the matter without court

2

United States District Court
Northern District of California

involvement, (2) whether they would like a referral to a magistrate judge for assistance in settling the matter, (3) whether they prefer that the court simply rule on the pending motion, or (4) whether they would like an opportunity to revise the motion and opposition. Dkt. 98.

Instead of filing a joint response, UPS filed its own response, indicating that they had "attempted to confer with counsel for plaintiffs" but that "counsel for plaintiffs were unavailable," and thus, "UPS has been unable to effectively confer with plaintiffs by the deadline." Dkt. 99 at 1. In its response, UPS asks the court to rule on the pending motion for attorneys' fees without any additional briefing. Id. Plaintiffs did not respond at all.

**DISCUSSION**

**A.    Legal Standard**

"In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975)). The federal and state standards for a defendant's recovery of attorneys' fees in employment discrimination matters are similar.

Title VII provides that, in "any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs". 42 U.S.C. § 2000e-5(k). Accordingly, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n, 434 U.S. 412, 421 (1978). "A prevailing defendant is entitled to attorney's fees only if plaintiff's 'claim was frivolous,

United States District Court
Northern District of California

unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so.'" C.W. v. Capistrano Unified Sch. Dist., 784 F.3d 1237, 1245 (9th Cir. 2015) (quoting Christiansburg, 434 U.S. at 422). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir. 1981)).

California's FEHA similarly provides that a court has discretion to award attorney's fees to a prevailing defendant when the "action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." Cal. Gov. Code § 12965(c)(6). "[A]n unsuccessful FEHA plaintiff should not be ordered to pay the defendant's fees or costs unless the plaintiff brought or continued litigating the action without an objective basis for believing it had potential merit." Williams v. Chino Valley Indep. Fire Dist., 61 Cal. 4th 97, 99–100 (2015).

FEHA has one important difference from Title VII—it subjects *costs* to the same analysis as attorneys' fees. Id. at 115 ("ordinary costs" are also "governed by this standard"); accord Neeble-Diamond v. Hotel California By the Sea, LLC, 99 Cal. App. 5th 551, 557 (2024), review denied (May 15, 2024) ("[W]hen the defense prevails in a FEHA action, it has no automatic right to recover costs under section 1032; instead, it must move the court to make a discretionary award of such costs, based in part on a specific finding that the action was frivolous.").

Plaintiff's EPA and CEPA claims require a stronger showing of "bad faith" to award fees. See Cal. Lab. Code § 218.5 (fees awarded where "the court finds that the employee brought the court action in bad faith."); Roadway Exp., Inc. v. Piper, 447 U.S. 752, 766 (1980) (fees awarded where the "losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

Where a "plaintiff asserted both frivolous and non-frivolous claims . . . a court may grant reasonable fees to the defendant in this circumstance, but only for costs that the defendant would not have incurred but for the frivolous claims. A trial court has wide

4

discretion in applying this standard." Fox v. Vice, 563 U.S. 826, 829 (2011); accord Harris v. Maricopa County Superior Court, 631 F.3d 963, 968 (9th Cir. 2011) ("only fees 'attributable exclusively to plaintiff's frivolous claims,' are recoverable by a defendant." (quoting Tutor–Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1064 (9th Cir. 2006))).

"In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.  Decisive facts may not emerge until discovery or trial. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. . . .  To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." Christiansburg, 434 U.S. at 421–22.

In determining an appropriate fee under both California and federal law, the court begins by calculating the lodestar, or, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1980); see also Ackerman v. W. Elec. Co., 643 F. Supp. 836, 860 (N.D. Cal. 1986), aff'd, 860 F.2d 1514 (9th Cir. 1988).  The party seeking attorneys' fees bears the burden of producing evidence supporting the hours worked and a reasonable rate; the district court may reduce the award accordingly if insufficient evidence is produced. See Ackerman, 643 F. Supp. at 860.  The district court may also exclude compensation for time that was "not reasonably expended" in the case. Id. at 862, 865 ("Plaintiff is not entitled to an award of attorney's fees for hours which were duplicative, unproductive, excessive or otherwise unnecessary.").

Finally, district courts "should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant." Miller v. Los Angeles Cnty. Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987); accord Villanueva v. City of Colton, 160 Cal. App. 4th 1188, 1202 (2008) ("a plaintiff's financial resources must be taken into consideration before determining the final award").

**B.      Analysis**

In its previous order staying this motion, the court noted that it was inclined to conclude that at least some of plaintiffs' arguments were frivolous.  Specifically, plaintiffs continually advanced arguments and theories in support of discrimination claims that this court repeatedly deemed unexhausted.  Plaintiffs' opposition to summary judgment was replete with such arguments, many of which even formed the core of their opposition to UPS's substantive arguments.

As the court stated in its previous order, given the court's multiple warnings to plaintiffs that such unexhausted arguments and claims cannot form the basis of a viable claim in this action, the court can only conclude that plaintiffs' repetition of those arguments was frivolous, unreasonable, or groundless.  In addition, plaintiffs' opposition to summary judgment raised a number of new claims that were absent from any previously-filed complaint.  In fact, those frivolous arguments were re-raised even after judgment was entered.  See Dkt. 83 at 8–9 (plaintiffs' first two arguments raise unexhausted claims concerning "cleanup duty allocation"), 10 (Jones-Jackon's only argument concerns unexhausted claims of manipulated timekeeping entries, and introduces for the first time a retaliation claim for Jones-Jackson and Goins).

Moreover, the lack of evidentiary support in plaintiffs' opposition to defendant's summary judgment motion suggests that plaintiffs continued to litigate their claims after knowing they were frivolous and groundless.  For many claims' elements, plaintiffs failed to present any evidence at all.  For other claims, plaintiffs simply abandoned them by failing to address them.  And even where claims were not abandoned, this court's summary judgment order explained many instances where plaintiffs simply failed to cite

6

United States District Court
Northern District of California

any evidence, included citations to non-existent materials, or included placeholder citations for which no supporting evidence was ever identified.

However, this court is cautioned by the high standard that must be met to award defendant fees in a discrimination case.  As an initial matter, as set forth above, claims brought under the EPA and CEPA require a showing of "bad faith" in order to warrant a fee award.  Despite the lack of evidentiary support for plaintiffs' claims, the court cannot conclude that they rose to the level of bad faith, and thus the court declines to award fees under the EPA or CEPA.

Also, to the extent that UPS seeks fees related to the dismissal of plaintiffs' class and collective action claims at the start of the case, the court concludes that such fees are ineligible for recovery.  Plaintiffs' class and collective action claims were struck from the case, but the court did not dismiss those claims with prejudice, nor did the order say anything that would foreclose any of the putative class members from bringing individual claims or even filing a new complaint.

The Ninth Circuit has confirmed that "a dismissal without prejudice is not a decision on the merits," as the plaintiff is still "free to re-file his complaint in federal court," and thus, "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing." Cadkin v. Loose, 569 F.3d 1142, 1148-49 (9th Cir. 2009) (internal citations omitted); see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Hum. Res., 532 U.S. 598, 605 (2001) ("Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.") (emphasis in original).

Accordingly, having concluded that attorneys' fees are not recoverable for plaintiffs' class/collective action claims or EPA/CEPA claims, the court will address plaintiffs' remaining claims under Title VII and FEHA.  As explained above, plaintiffs' pursuit of those claims did become frivolous at some point in the litigation – while there may have been some reason, early on, to believe that the claims would find support in

7

discovery, plaintiffs should have known by discovery's close that their claims were not viable.

The court has examined defense counsel's time entries and has found that UPS's attorneys' fees charged for the time after the close of discovery on March 29, 2024 come to of $140,151.00.  See Dkt. 82-1, Ex. 6.  However, that total includes fees incurred in relation to the EPA/CEPA claims, which are not separated in counsel's time entries.  Without a precise method of measuring the EPA/CEPA-related fees, the court simply reduces the amount by one-sixth, to account for the fact that Jones-Jackson is one of three plaintiffs, and that she asserted two types of claims (the first being the discrimination claims under Title VII and FEHA, and the second being equal-pay claims under EPA/CEPA).  A reduction of one-sixth brings the total amount at issue to $116,792.50.

Finally, before awarding fees, the court must take into account the financial condition of the plaintiffs.  See Villanueva, 160 Cal. App. 4th at 1202 ("a plaintiff's financial resources must be taken into consideration before determining the final award").  Recognizing that the plaintiffs' opposition to UPS's motion for fees did not address their financial condition at all, the court in its February 4, 2026, order reminded plaintiffs that the court would need to take into account this information.  See Dkt. 98.  Notwithstanding this prompting by the court, plaintiffs have submitted no information about their financial condition.  Thus, the court is left with looking to the record for any information that may reflect on this issue.

In the second amended complaint, plaintiff Galena Goins states that her hourly pay rate is $28.62.  Dkt. 38, ¶ 56.  Plaintiff Sonia Lopez states that her hourly pay rate is $30.44.  Id., ¶ 110.  And while the complaint does not specifically state Jones-Jackson's hourly pay rate, it does state that she has the same job title and location as Lopez, whose hourly pay rate is $30.44.  Id., ¶ 8, 56.

Although the complaint does not specify the number of hours worked by plaintiffs in a typical week, even if the court were to assume that all three plaintiffs worked for 40

United States District Court
Northern District of California

hours per week, 50 weeks per year, that would result in a yearly, pre-tax income of approximately $60,000.  The requested fee award would impose an unreasonable burden on these three plaintiffs.  See, e.g., Miller, 827 F.2d at 621 ("While an award of attorney's fees for a frivolous lawsuit may be necessary to fulfill the deterrent purposes [of the statute], the award should not subject the plaintiff to financial ruin.").  Moreover, it is unknown how much of the litigation misjudgments are the responsibility of the individual plaintiffs rather than their lawyers.  Under the circumstances of this case, it would be unjust, even if legally permissible, to assess an unaffordable penalty on the plaintiffs for decisions made by their lawyers.

Accordingly, to balance the financial reality of the plaintiffs with the need for deterrence, the court will impose a fee award of $3,000 against each plaintiff.  Defendants' motion for attorneys' fees is thus GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated:  April 17, 2026

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge